UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DANIEL RILEY, JASON GERHARD and CIRINO GONZALEZ,<br><br>        Defendants | Criminal No. 07-189-GZS |

**ORDER DENYING DEFENDANT GERHARD'S MOTION TO DISMISS EITHER COUNT I OR COUNT II OF THE INDICTMENT AS MULTIPLICITOUS**

Defendant Jason Gerhard has filed a Motion to Dismiss (Docket # 149) requesting that the Court dismiss either Count I or Count II of the Third Superseding Indictment as multiplicitous. Although conceding that Count I and Count II of the Indictment charge two separate statutory offenses, Defendant Gerhard maintains that "there is no practical difference[] between the sections as they apply to the allegations in this case." Motion to Dismiss at 3. Specifically, Defendant Gerhard asserts that Counts I and II are identical in that they charge: (1) the same time periods, (2) the same place, (3) the same people, and (4) the same overt acts charged in Count I are incorporated into Count II, and there are no additional overt acts alleged. The Government responds that Defendant Gerhard's Motion should be denied because the elements of the offense in each statute are not the same.

Multiplicity is the charging of the same offense in two or more counts of an indictment or information. See United States v. Lilly, 983 F.2d 300, 302 (1st Cir. 1992) (citing United States v. Serino, 835 F.2d 924, 930 (1st Cir. 1987)). A multiplicitous indictment may lead to multiple sentences for a single violation. Multiple sentences for a single violation are prohibited by the

Double Jeopardy Clause of the United States Constitution, which mandates that no person shall be "subject for the same offence to be put in jeopardy of life or limb." U.S. CONST. AMEND. V. The primary test for both multiplicity and double jeopardy was set out by the Supreme Court in Blockburger v. United States, 284 U.S. 299 (1932), as follows:

> The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

Id. at 304.  If, applying the Blockburger test, the crimes charged are discrete offenses, the defendant may be prosecuted for both offenses even though they arise out of the same conduct, but if the crimes charged have the same elements, or if one is a lesser included offense of the other, double jeopardy at some point will bar the door.  See United States v. Dixon, 509 U.S. 688, 696-97 (1993); United States v. Colon-Osorio, 10 F.3d 41, 45-46 (1st Cir. 1993).

Although Defendant Gerhard correctly asserts that Counts I and II charge the same people, place, time, and overt acts, that degree of similarity does not make the charges multiplicitous.  That is, two counts are not multiplicitous simply because the same evidence that proves one also proves the second.  See Illinois v. Vitale, 447 U.S. 410, 416 (1980) (double jeopardy context).  Rather, two counts are multiplicitous if the evidence shows that exactly the same facts that would make out one violation also would make out the other.  In this case, Count I requires a showing that Gerhard, "conspire[d] to prevent by force, intimidation, or threat [an officer of the United States] . . . from discharging any duties."  18 U.S.C. § 372.[1]  Count II

---

[1] Section 372 provides:

> If two or more persons in any State, Territory, Possession, or District conspire to prevent, by force, intimidation, or threat, any person from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof, or to induce by like means any officer of the United States to leave the place, where his duties as an officer are required to be performed, or to injure him in his person or property on account of his lawful discharge of the duties of his office, or while engaged in the lawful discharge thereof, or to injure

requires a showing that Gerhard, "conspire[d] . . . to commit any offense against the United States, . . . and one or more of such persons do any act to effect the object of the conspiracy." 18 U.S.C. § 371.[2]  On the face of the Third Superseding Indictment it is clear that the facts necessary to establish guilt on Count I are different from the facts necessary to establish guilt on Count II.  Namely, the conspiracy charged in Count I requires "force, intimidation or threat" whereas the conspiracy charged in Count II does not have as an element "force, intimidation or threat," but does require proof of an overt act.  Plainly, then, the elements of the two offenses are distinct rather than identical.  Hence, there is no multiplicitousness.

Accordingly, the Court **ORDERS** that Defendant Gerhard's Motion to Dismiss be, and it is hereby, **DENIED**.

/s/ George Z. Singal_____
Chief United States District Judge

Dated this 12th day of February, 2008.

---

his property so as to molest, interrupt, hinder, or impede him in the discharge of his official duties, each of such persons shall be fined under this title or imprisoned not more than six years, or both.

18U.S.C. § 372.

[2] Section 371 provides:

If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.

18 U.S.C. § 371.