**UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE**

**UNITED STATES OF AMERICA**

      **v.**                                                          **07-CR-189-02-GZS**

**JASON GERHARD**

**GOVERNMENT'S NOTICE TO SEEK AN UPWARD DEPARTURE
AND A DEVIATION FROM THE SENTENCING GUIDELINES**

As required by Local Rule 32.1(i), the United States respectfully submits that (a) an upward departure from the otherwise applicable guideline sentencing range, pursuant U.S.S.G. §§5K2.6 and/or 5K2.7, and/or (b) an upward deviation from the otherwise applicable guideline range, pursuant to Booker v. United States, 543 U.S. 220 (2005)(sentencing guideline ranges should be advisory, not mandatory, striking 18 U.S.C. §§ 3553(b)(1), 3742(e)), is warranted in this case.

**Offense Conduct**

As the court is aware, the offenses of conviction relate to conduct by which the defendant and other people delivered numerous handguns, rifles and assault weapons to the residence of two notorious fugitives from justice, Edward and Elaine Brown. The defendant and his co-conspirators also assembled numerous pipe bombs and other explosive devices on the Browns' property, all with an intent to use those items to kill any law enforcement officer who attempted to arrest the Browns.

For his contributions to that effort, a jury found the defendant guilty of conspiring to prevent officers of the United

States from discharging their duties, in violation 18 U.S.C. §372 (Count One); conspiring to (a) assault, resist or impede officers of the United States, and (b) to be accessories after the fact, in violation of 18 U.S.C. §§371, 111(a)(3) and 3 (Count Two); being an accessory after the fact, in violation of 18 U.S.C. §3 (Count Three); and carrying, using and possessing a firearm in connection with a crime of violence, in violation of 18 U.S.C. §924(c)(1)(A) (Count Four).

**Application of the United States Sentencing Guidelines**

According to the pre-sentence report ("PSR"), the defendant's total offense level for Counts One, Two and Three, 25, and his criminal history category, I, yields a guideline sentencing range of 57 to 71 months. The court is also required to impose a consecutive sentence of at least five (5) years for the Count Four offense.[1]

**Upward Departures**

Under U.S.S.G. § 5K2.0(a) the Court may grant an upward departure based on aggravating circumstances of a kind or to a degree not adequately taken into consideration by the Sentencing Commission in formulating the federal sentencing guidelines.

---

[1] The government has filed an objection to the probation officer's determination that U.S.S.G. §2A2.4 should be applied to Pseudo Count 2A.

In this regard, U.S.S.G. §5K2.6 provides that an upward departure may be imposed "if a weapon or dangerous instrument was used or possessed in the commission of the offense."[2]

The court should upwardly depart on that basis in this case because the offenses clearly "involved the use of semi-automatic assault weapons and numerous explosive devices. The explosive devices were displayed in a threatening manner and were used to prevent authorities from entering the Browns' property and the potential for serious injury and/or death was apparent." PSR ¶105 (noting facts that may warrant an upward departure under §5K2.6).

The government may also contend that the offenses of conviction in this case directly caused a significant disruption of the important services provided by the United States Marshal's Service and, therefore, an upward departure pursuant to U.S.S.G. §5K2.7 is warranted. However, the government may seek an upward departure on that basis only if

---

[2]In its entirety, U.S.S.G. §5K2.6 states:

> If a weapon or dangerous instrument was used or possessed in the commission of the offense the court may increase the sentence above the authorized guideline range. The extent of the increase ordinarily should depend on the dangerousness of the weapon, the manner in which it was used, and the extent to which its use endangered others.

the court does not apply the obstruction of justice guideline, U.S.S.G. §2J1.2, to the Count One and Count Three offenses.[3]

**Booker Variance**

As the court is aware, in <u>Booker</u> the Supreme Court determined that the sentencing guidelines are advisory, not mandatory, and that district courts must consider the following factors, among others, when imposing a sentence:

>   (1) the nature and circumstance of the offense and the history and characteristics of the defendant;
>
>   (2) the need for the sentence imposed -
>
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
>     (B) to afford adequate deterrence to criminal conduct;
>
>     (C) to protect the public from further crimes of defendant; and
>
>     (D) to provide the defendant with needed educational or vocational training, medical care, or

---

[3]Section 5K2.7 provides:

>   If the defendant's conduct resulted in a significant disruption of a governmental function, the court may increase the sentence above the authorized guideline range to reflect the nature and extent of the disruption and the importance of the governmental function affected. Departure from the guidelines ordinarily will not be justified when the offense of conviction is an offense such as bribery or obstruction of justice; in such cases interference with a government function is inherent in the offense, and unless circumstances are unusual the guidelines will reflect the appropriate punishment for such interference.

>     other correctional treatment in the most effective
>     manner.

18 U.S.C. §3553(a)(1)(2)

This case involved coordinated acts, committed over a substantial period of time by a number of self-aggrandizing individuals who, among other things, obtained numerous firearms, assault weapons and explosives devices; and made direct threats to use the weapons to kill or seriously injure any law enforcement officer who attempted to arrest Edward and Elaine Brown.

The defendant was a major contributor to that effort, which created an extremely dangerous situation that, but for the patience, professionalism and compassion of the United States Marshals Service, could have easily resulted in the deaths of many people.

Only a sentence well in excess of the otherwise applicable guideline sentencing range will reflect the "nature and circumstance of the offense, the history and characteristics of the defendant" (which includes the possession of another pipe bomb in the bedroom of his residence) and the seriousness of the offenses of conviction. A sentence that substantially deviates from the sentencing guidelines is also "just" and necessary "to promote respect

for the law, afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant.

                                Respectfully submitted,

                                Thomas Colantuono
                                United States Attorney

July 25, 2008          By:  /s/ Arnold A. Huftalen
                                Arnold Huftalen
                                Assistant United States Attorney

                        By:  /s/ Robert M. Kinsella
                                Robert M. Kinsella
                                Assistant United States Attorney

## **Certificate of Service**

    I hereby certify that on July 25, 2008, I caused a copy of the foregoing to be filed electronically.

                                /s/ Robert M. Kinsella
                                Robert M. Kinsella
                                Assistant United States Attorney