UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | 07-CR-189-02-GZS |
| | ) | |
| JASON GERHARD | ) | |

**DEFENDANT'S SENTENCING MEMORANDUM
AND INCORPORATED OBJECTION TO THE
GOVERNMENT'S REQUEST FOR AN UPWARD DEPARTURE**

The defendant, JASON GERHARD, submits hereby his request for the imposition of a sentence as set forth in this motion which he submits would be adequate but not excessive in meeting the needs for sentencing set out under 18 U.S.C. §3553(a) and the United States Sentencing Guidelines (USSG). The defendant submits that a total sentence of seven years incarcerated which includes a term of five years for the §924© crime, would be sufficient in this case.

The thrust of the government's argument deals with the potential harm that the firearms and explosive devices found at the Brown property in October of 2007, could have caused. There is little doubt by any person connected with this case that the use of such weapons in a combat situation would have been disastrous. The Court though should view these as they relate to the sentencing of this defendant more in concert with the actual conduct of a twenty-two year old young man caught up in an activity he determined was a cause to obtain a better democracy.

The government witnesses at the trial emphasized that the US Marshal's Service in New Hampshire had developed an 'tacit understanding' with Ed Brown beginning in January of 2007 about not using force to effectuate his arrest. The defendant was not even at the Brown property prior to the inception of this understanding. The government thereafter carefully monitored the activities ongoing at the Brown property. They had informants and observers on the property and the use of surveillance aircraft.

The defendant left the property and the state and joined the United States Army in August of 2007. He was unlikely to return to New Hampshire for an extended period of time. He constantly identified himself as a member of the press while in New

Hampshire.  In early August of 2007 he attended a journalism conference in Washington D.C.   As testified to at trial he attended meetings and functions taking either photographs or video.  At one of the concerts he provided food to the officers posted outside the property.  He wrote newspaper articles about the situation.  He expressed his views over the internet.  His conduct as found by the jury was to buy firearms and ammunition and bring it to the Brown property.

   The defendant's family and background are fully presented in the Pre-Sentence Report.  He has an identical twin brother, Justin, who served in the military in Iraq.  He grew up on Long Island in what was a "country" setting.  He was attending college at the time of these events.  He has no prior criminal history.

   The request for an upward departure under the guidelines is misplaced in the facts of this case.   First is the ambiguous situation regarding how to apply the guidelines in this case.  Whatever guideline is employed is not the product of 'empirical data and national experience'. See *Gall v United States*, 128 S. Ct. 586, 594 n.2 (2007).  The defendant called the search for the best guideline a conundrum.

   Even with the guidelines there is the expressed concern as to how to evaluate a defendant;s conduct in a charged conspiracy the object of which was not completed.  In this case there was, thankfully, no harm to any law enforcement officer.  This reflects back to the lack of data or empirical evidence to support a particular guideline application. With the base in question therefore an increase cannot be appropriate.

   The defendant therefore submits that the request of the government for an upward departure or variant be rejected and his request for an appropriate sentence of seven years total be imposed.

                                                       Respectfully submitted

JASON GERHARD
by his attorney,

/s/ Stanley W. Norkunas
Stanley W. Norkunas
11 Kearney Sq
Lowell, MA. 01852
(978) 454-7465

CERTIFICATION OF SERVICE

I hereby certify that I filed the within motion via ECF filing with the clerk's office and all counsel of record including AUSA Robert Kinsella and AUSA Arnold Huftalen.

/s/ Stanley W. Norkunas
Stanley W. Norkunas