**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JASON GERHARD,<br><br>          Defendant | Criminal No. 07-189-GZS |

**ORDER DENYING DEFENDANT GERHARD'S MOTION**
**TO SUPPRESS EVIDENCE FROM CONSIDERATION AT SENTENCING**

     The Court now has before it Defendant Jason Gerhard's Motion to Suppress Evidence From Consideration at Sentencing (Docket # 485), which seeks to prohibit the introduction of any evidence relating to a pipe bomb found in Defendant's bedroom at his mother's home in New York.  Before trial, Defendant filed a Motion to Suppress the evidence resulting from the search of his mother's home, but no suppression hearing was ever held.  Rather, at that time, the government mooted the issue as to trial use by advising the Court that it would not use any such evidence at trial.  See United States' Consolidated Objection to Three of Defendant Gerhard's Motions: docket #148, docket #151 and docket #154 (Docket # 172).  In response, the government further stated that if it later determined "that it will seek to introduce said evidence (in its case in chief or otherwise) it will notify the Court and counsel in advance."  Id.

     Even if the evidence was seized in violation of Defendant's Fourth Amendment rights, such evidence is admissible at sentencing.  The First Circuit has addressed this issue and has held that even illegally seized evidence is admissible at sentencing, except, perhaps, in very limited circumstances.

>Given the great weight of the precedent and following the unanimous, reasoned approach of our sister circuits, we hold that the exclusionary rule does not bar the use of evidence seized in violation of a defendant's Fourth Amendment rights in sentencing. We leave open the question of whether the exclusionary rule would bar the use of evidence when police intentionally act in violation of the Fourth Amendment in order to increase a defendant's sentence.

<u>United States v. Acosta</u>, 303 F.3d 78, 86 (1st Cir. 2002); <u>see</u> <u>also</u> <u>U.S. v. Stark</u>, 499 F.3d 72, 80 (1st Cir. 2007) (quoting with approval United States v. Acosta, 303 F.3d at 86).

Accordingly, the Court ORDERS that Defendant's Motion to Suppress Evidence From Consideration at Sentencing be, and it is hereby, DENIED.

/s/ George Z. Singal_____  
Chief United States District Judge

Dated this 31st day of July, 2008.